[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
ORDER
In this application for a temporary injunction in which the plaintiff seeks to enjoin the defendants from utilizing trade secrets and confidential information of the plaintiff, the court held an evidentiary hearing over a period of several days. After a thorough review of the evidence produced and of the memoranda of law of the parties, and after oral argument of counsel, the court finds that the plaintiff is entitled to a limited temporary injunction. To grant more would be to ignore the requirement that the plaintiff demonstrate that it would probably succeed on the merits in a hearing on the permanent injunction, to find erroneously that the balancing of the equities favor the plaintiff, and would be to conclude, without sufficient evidence, that the defendant Steven Cuomo must inevitably disclose trade secrets of the plaintiff in his new job at the defendant, GT Bicycles. CT Page 1208
Accordingly, the court orders that the defendant, Steven Cuomo, is temporarily enjoined, pending the determination of plaintiff's claims against him at trial: (1) from disclosing or using, directly or indirectly, any information regarding Cannondale's 1998 bicycle product line plan, including product specifications, pricing, costing and introduction plans; (2) from disclosing or using, directly or indirectly, any information, knowledge or data that is confidential to Cannondale, which the defendant Cuomo acquired or became aware of while employed by Cannondale; (3) from disclosing or using, directly or indirectly, any information regarding manufacturing processes and strategies, design strategies, product introduction strategies, domestic and foreign sales and distribution strategies, forecasting data and bicycle team sponsorship strategies which is confidential to Cannondale; (4) from breaching the Confidential Information Agreement between Cannondale and the defendant Cuomo and Cuomo's fiduciary duty owed to Cannondale.
The defendant GT Bicycles is temporarily enjoined, pending the determination of plaintiff's claims against it at trial; (1) from soliciting, inducing or otherwise obtaining the disclosure or use, directly or indirectly from Steven Cuomo, of any information regarding Cannondale's 1998 bicycle product line plan, including product specifications, pricing, costing and introduction plans; (2) from soliciting, inducing or otherwise obtaining the disclosure or use, directly or indirectly from Steven Cuomo, of any information, knowledge or data that is confidential to Cannondale, which Cuomo acquired or became aware of while employed by Cannondale; (3) from soliciting, inducing or otherwise obtaining the disclosure or use, directly or indirectly, from Steven Cuomo, of any information regarding manufacturing processes and strategies, design strategies, product introduction strategies, domestic and foreign sales and distribution strategies, forecasting data and bicycle teams sponsorship strategies which is confidential to Cannondale; (4) from soliciting, inducing or otherwise having Steven Cuomo breach the Confidential Information Agreement between Cannondale and Cuomo's fiduciary duty owed to Cannondale.
So Ordered.
Dated at Stamford, Connecticut, this 4th day of February, 1997.
D'ANDREA, J. CT Page 1209